**Edgar Octaviano de LEON–BARRIOS; Lili Villagrana; Edgar de Leon; Gerson de Leon, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 96–70276.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 1997.

Decided June 17, 1997.

**392**

Braden Cancilla, San Fernando Valley Neighborhood Legal Services, Pacoima, CA, for petitioners.

Quynh Vu, United States Department of Justice, Washington, D.C., for respondent.

Before: WALLACE, THOMPSON and T.G. NELSON, Circuit Judges.

THOMPSON, Circuit Judge:

## OVERVIEW

Edgar Octaviano de Leon–Barrios (de Leon); his wife, Lili Villagrana; and their two sons, Edgar and Gerson de Leon, petition for review of the Board of Immigration Appeals' (BIA) decision denying their application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition for review.

## FACTS

De Leon and his family are citizens of Guatemala. They sought political asylum and withholding of deportation. De Leon's wife's and sons' claims for asylum and withholding of deportation are derivative of his application. *See* 8 U.S.C. § 1158(b)(3).

De Leon arrived in the United States in February 1993. Shortly thereafter, he filed an application for political asylum. In this first application, he stated that he fled Guatemala because, on several occasions, guerilla groups had threatened to kill him after he refused to help them. He also stated that guerilla groups killed his cousin and kidnapped his father after they refused to help the guerillas. De Leon testified he submitted this 1993 asylum application to obtain a work permit.

The Immigration and Naturalization Service (INS) denied the request for asylum and instituted deportation proceedings. At a hearing before an Immigration Judge (IJ), the IJ permitted de Leon to file a second asylum application. De Leon filed the second application in March 1995.

In this second application, de Leon made a general reference to the political turmoil in Guatemala. He, however, did not mention the threats he and his family allegedly received from the guerillas. Instead, this second application focused on threats he re-

ceived based on his membership in a labor organization. He stated he joined the labor organization because his employer, Licorera Nacional, was mistreating its employees. He stated that, when he became active in the labor organization, "security members" threatened to kill him. He then decided to change employers, but alleged the security members continued to threaten him at his new employment.

During a subsequent hearing before the IJ, de Leon discussed the guerilla threats referenced in his first application. He recalled two incidents. He testified that on one occasion a group of people stopped him on his way home from work and demanded money. On the second occasion, a group of people hijacked the bus in which he was riding and robbed the passengers. He testified that he was unaware of the identities of these people, but believed they were either guerillas or "private muggers."

When asked by the IJ to explain why his first application did not mention the problems associated with his union activities, de Leon testified "they don't seem to relate to this case." He testified that the person who helped him complete his first asylum application did not "really concentrate on the case."

The IJ denied the petitioners' requests for asylum and withholding of deportation, but granted them voluntary departure. The BIA dismissed the petitioners' appeal. The petitioners now seek review before this court.

## DISCUSSION

### A. Political Asylum

■ To qualify for asylum, de Leon must demonstrate that he is unwilling to return to Guatemala because he suffered past persecution or has a " 'well-founded fear of [future] persecution on account of ... political opinion.' " *Acewicz v. INS,* 984 F.2d 1056, 1061 (9th Cir.1993) (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish a well-founded fear of persecution, de Leon must show that his fear is "subjectively genuine and objectively reasonable." *Fisher v. INS,* 79 F.3d 955, 960 (9th Cir.1996). "An asylum applicant's candid, credible, and sincere testimony demonstrating a genuine fear of perse-

cution satisfies the subjective component of the well-founded fear standard." *Berroteran–Melendez v. INS,* 955 F.2d 1251, 1256 (9th Cir.1992) (internal quotations and citation omitted).

■ The IJ and BIA denied relief because they found de Leon to be not credible. We review the IJ's and BIA's credibility findings for substantial evidence and, thus, must uphold the findings "unless the evidence presented compels a reasonable factfinder to reach a contrary result." *Lopez–Reyes v. INS,* 79 F.3d 908, 911 (9th Cir.1996). Although we give "substantial deference" to credibility findings, such a finding "must be supported by a specific, cogent reason . . . ." *Berroteran–Melendez,* 955 F.2d at 1256 (internal quotations and citation omitted).

■ An initial issue presented is whether we review the IJ's or the BIA's decision. Generally, if the BIA conducts a de novo review of the record and makes an independent determination about whether relief is appropriate, we review the BIA's decision. *See Yepes–Prado v. INS,* 10 F.3d 1363, 1366 (9th Cir.1993). If, however, the BIA reviews the IJ's decision for an abuse of discretion, we review the IJ's decision. *Id.* at 1366–67.

■ In the present case, it is not clear whether the BIA conducted an independent review of the record and made its own finding that de Leon is not credible or whether the BIA reviewed the IJ's credibility finding for an abuse of discretion. We, however, need not resolve this issue. Substantial evidence supports both the IJ's and the BIA's credibility finding and both set forth specific reasons for the finding.

■ In making the adverse credibility finding, the IJ and the BIA relied on the discrepancies between de Leon's two applications for asylum and his failure to present a satisfactory explanation for the discrepancies. Generally, minor inconsistencies and minor omissions relating to unimportant facts will not support an adverse credibility finding. *See Osorio v. INS,* 99 F.3d 928, 931 (9th Cir.1996). The discrepancies between de Leon's two applications, however, are not minor. Instead, the discrepancies relate to

the basis for his alleged fear of persecution. These discrepancies "involved the heart of the asylum claim" and support the negative credibility finding. *Ceballos–Castillo v. INS*, 904 F.2d 519, 520 (9th Cir.1990); *see also Berroteran–Melendez*, 955 F.2d at 1256. There is substantial evidence, therefore, to support the adverse credibility finding. Despite this evidence, however, and focusing on the language of the IJ's decision, de Leon argues that the IJ did not make an explicit finding of adverse credibility. For this argument, he relies on our decision in *Hartooni v. INS*, 21 F.3d 336 (9th Cir.1994).

In *Hartooni*, the IJ stated: "[t]he cumulative effect of the respondent's testimony and application leads me to conclude that the respondent has not established a credible claim to persecution. The respondent asserted persecution and alleged persecution, but the facts she presents [do] not lead me to conclude that her claim is valid." *Id.* at 342. We concluded the statement was ambiguous. *Id.* Specifically, it was unclear whether the IJ found the respondent to be not credible or whether he found that the facts presented in support of the asylum claim did not rise to the level of persecution. *Id.* Thus, the IJ failed to make "clear findings" regarding the respondent's credibility. *Id.*

The present case is distinguishable. In his decision, the IJ stated:

> The Court agrees with Counsel for the [INS] that these two applications for asylum are entirely inconsistent with one another and neither sets forth adequate facts on which the Court can reasonably and legitimately find sufficient facts and justification to determine that even on a subjective level [de Leon] had or has a reason to fear persecution in Guatemala within the meaning of Section 208 of the Act as construed by the case law cited above. Moreover, even if [de Leon] had met his initial burden on a subjective level, [de Leon] has failed to produce any evidence that shows on an objective level that he has a reasonable basis to fear persecution in the future if he and his family were to return to Guatemala.

. . .

Therefore, the Court does not find credible [de Leon's] claim of persecution or a well-founded fear thereof under Section 208 of the Act.

It is evident from these statements and the context in which they were made that the IJ made an express finding that de Leon was not credible. Earlier in the decision, the IJ noted the discrepancies between the two asylum applications as well as de Leon's explanation that he did not believe the prior guerilla incidents were relevant to the present asylum application. The IJ found it "somewhat curious" that de Leon was aware of the process he needed to comply with to obtain work authorization, but claimed ignorance of the asylum process. The IJ also cited case law upholding an IJ's adverse credibility finding when there were substantial inconsistencies between the respondent's asylum application and testimony. *See Saballo–Cortez v. INS*, 761 F.2d 1259, 1264 (9th Cir.1984). The IJ then explicitly stated, "the Court does not find credible [de Leon's] claim of persecution...."

■ The obligation to provide a specific, cogent reason for a negative credibility finding does not require the recitation of unique or particular words. Reviewing the entirety of the IJ's decision, we conclude the IJ made an express finding of adverse credibility and his reason for that finding was specific and cogent.

## B. Withholding of Deportation

■ Because the petitioners failed to satisfy the standard for asylum, they necessarily failed to satisfy the more rigorous standard for withholding of deportation. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

The petition for review is DENIED.