**Avtar SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73993.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 31, 2004.

Virender Kumar Goswami, Manpreet Singh Gahra, Law Offices of Virender K. Goswami, Esq., San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., U.S. Department of Justice, Office of Immigration Lit., Pennsylvania Ave., N.W., for Respondent.

Before: B. FLETCHER, LEAVY, and WARDLAW, Circuit Judges.

MEMORANDUM **

Avtar Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' dismissal of his appeal of an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("Convention"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Singh v. INS,* 340 F.3d 802, 806 (9th Cir.2003), and grant the petition for review.

The IJ found Singh not credible, in part, due to alleged inconsistencies in his testimony concerning the date of his third arrest. However, minor discrepancies in dates are not sufficient to support an adverse credibility determination. *See Bandari v. INS,* 227 F.3d 1160, 1166 (9th Cir.2000).

The IJ also questioned Singh's credibility because certain third-party affidavits he submitted in support of his application failed to mention his third arrest. Because the affidavits do not contradict or undermine Singh's testimony, the alleged discrepancy was not a proper basis for the IJ's credibility determination. *See Lopez–Reyes v. INS,* 79 F.3d 908, 911–12 (9th Cir.1996).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Finally, the IJ based her credibility determination upon alleged inconsistencies in Singh's testimony concerning why police raided his home in 1998. Singh's testimony on direct examination that he did not know why police accused him of being a traitor is not inconsistent with his testimony on cross-examination that police raided his home a day after he attended a political rally. We hold that the IJ's adverse credibility finding on this point is not supported by substantial evidence.

In sum, a reasonable adjudicator would be compelled to conclude that the factual findings underlying the IJ's adverse credibility determination were not supported by substantial evidence. *See Singh,* 340 F.3d at 806. Because the IJ denied the asylum applications based solely on an adverse credibility finding, we remand this matter to the BIA for further proceedings to determine whether, accepting Singh's testimony as credible, he is eligible for asylum, withholding of removal, and relief under the Convention. *See INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 355–56, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

LEAVY, Circuit Judge, dissenting.

LEAVY, Circuit Judge.

I respectfully dissent.

---

\* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the