**Kulwinder KAUR, Petitioner,**

v.

**John ASHCROFT, United States Attorney General, Respondent.**

**No. 02–73412.**
**Agency No. A75–620–554.**

United States Court of Appeals, Ninth Circuit.

of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted April 2, 2004.*

Decided April 19, 2004.

Garish Sarin, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Los Angeles, CA, Ronald E. LeFevre, Chief Legal, San Francisco, CA, Joan E. Smiley, Carl H. McIntyre, Jr., Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, and D.W. NELSON, and FERNANDEZ, Circuit Judges.

## MEMORANDUM**

Kulwinder Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' denial of her application for asylum and withholding of removal.[1] We grant her petition and remand.

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995). Credibility determinations are judged by the same basic standard. *See Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir. 2002); *Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000); *de Leon–Barrios v. INS,* 116 F.3d 391, 393 (9th Cir.1997). In that area, however, we have added that the determination " 'must be supported by a specific, cogent reason.' " *de Leon–Barri-*

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

1. This includes both a claim pursuant to 8 U.S.C. § 1231(b)(3) and a claim pursuant to the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 39/46, U.N. GAOR, 39th Sess., Supp. No. 51, U.N. Doc. A/RES/39/46 (1984).

*os,* 116 F.3d at 393 (citation omitted); *see also Gui,* 280 F.3d at 1225.

Here, the IJ based her determination that Kaur was not credible on the IJ's own speculation about what would have motivated the police officer who sexually attacked Kaur and demanded that she marry him. More particularly, the IJ's speculation led her to decide that Kaur was not credible because Kaur thought that the officer wanted to marry her in order to ultimately dishonor her, whereas the IJ thought that the officer could have more easily gone ahead and brought his sexual assault to fruition, if dishonor of Kaur was his motive. But speculation is no substitute for evidence. *See Singh v. INS,* 292 F.3d 1017, 1024–25 (9th Cir.2002); *Gui,* 280 F.3d at 1227; *Lopez–Reyes v. INS,* 79 F.3d 908, 912 (9th Cir.1996). Thus, the IJ's finding was not based upon a cogent reason. As a result, we must grant the petition, set aside the finding of lack of credibility, and remand for a determination of Kaur's asylum and withholding claims. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 355–56, 154 L.Ed.2d 272 (2002); *Arulampalam v. Ashcroft,* 353 F.3d 679, 689 (9th Cir.2003).

Petition GRANTED and REMANDED.

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.