Abebe TEKA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72331.

Agency No. A76–627–457.

United States Court of Appeals, Ninth Circuit.

Submitted April 1, 2004.*

Decided April 21, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Steve Paek, Law Office of Steve Paek, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Leslie McKay, U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, PREGERSON, and TALLMAN, Circuit Judges.

## MEMORANDUM**

Petitioner Abebe Teka petitions for review of the Board of Immigration Appeal's ("BIA") final order rejecting his request for asylum and withholding of removal. Substantial evidence supports the immigration judge's ("IJ") determination that Teka was not credible, and that Teka has not shown that he suffered past persecution or has a well-founded fear of persecution.

Abebe Teka is a 34 year-old Ethiopian native and citizen. As a professional singer and songwriter, he uses his songs to plead for peace and cooperation. He states that his songs express support for the All Amhara People's Organization ("AAPO"), a recognized opposition group. He also contends that because of his support for the AAPO, Ethiopian officials imprisoned him, once for four months in 1992 and once for nine months in 1997. He alleges that prison officials tortured him and that the government shut down the nightclub he owned during both periods of imprisonment. After recording a new album in 1997, Teka claims to have left Ethiopia to escape further persecution. Teka arrived at the Los Angeles International Airport on January 25, 1998. During his airport interview with INS officials, he presented a false Italian passport and told his interviewers, "I want to come here to meet my friend and the reason I left Ethiopia is because the government closed my restaurant." Teka failed to mention being in prison or being beaten while in Ethiopia.

█ The IJ found that Teka was not credible. An adverse credibility finding will be upheld if it is " 'supported by a specific, cogent reason.' " *De Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997) (quoting *Berroteran–Melendez v. INS*, 955 F.2d 1251, 1256 (9th Cir.1992)). The IJ's adverse credibility finding is supported by "significant and relevant" inconsistencies in the record. *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). Teka's airport interview calls into doubt his true motives for leaving Ethiopia and coming to the United States. When asked if he feared returning to Ethiopia, he did not mention his imprisonments but responded, "I'm concerned because I didn't have a legal passport and that when I go back I might be in trouble." When asked if he would be harmed in

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Ethiopia, he responded, "I can return, it's no problem." Teka's presentation of a fake Italian passport to INS airport officials further erodes his credibility. *Sarvia–Quintanilla v. INS*, 767 F.2d 1387, 1393 (9th Cir.1985) (concluding that an IJ reasonably questioned a petitioner's credibility where the petitioner admitted to carrying a fake Mexican passport and lying to INS officials to avoid deportation). Specific, cogent reasons supported the IJ's adverse credibility finding; the evidence presented does not "compel[ ] a reasonable factfinder to reach a contrary result." *Lopez–Reyes v. INS*, 79 F.3d 908, 911 (9th Cir.1996) (citing *Abedini v. INS*, 971 F.2d 188, 191 (9th Cir.1992)).

Teka cannot establish his eligibility for asylum or withholding of deportation. A petitioner for asylum must show that he has a well-founded fear of persecution by demonstrating that "his fear of persecution is both objectively reasonable and subjectively genuine." *Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000). Teka cannot show that his fear of persecution is subjectively genuine. Because Teka cannot demonstrate a well-founded fear of persecution, he necessarily cannot meet the higher burden of showing a "clear probability of persecution" required for withholding of removal. *Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

**PETITION DENIED.**