Hamidreza REISI, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72989.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.\*

Decided May 18, 2004.

Hamidreza Reisi, Arlet, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC-District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Leslie McKay, Anthony W. Norwood, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI and PAEZ, Circuit Judges.

MEMORANDUM \*\*

Hamidreza Reisi, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming, without opinion, an immigration judge's ("IJ") denial of his application for

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

asylum and withholding of removal. We review for substantial evidence, *Singh v. INS*, 340 F.3d 802, 806 (9th Cir.2003), and grant the petition for review and remand to the BIA for further proceedings.

Substantial evidence does not support the IJ's adverse credibility finding. The IJ's reasons for discounting the testimony of Reisi regarding his ability to attend church services, and ease of obtaining a visa were too speculative to constitute substantial evidence supporting an adverse credibility determination. *See Lopez–Reyes v. INS*, 79 F.3d 908, 912 (9th Cir. 1996) (reversing implausibility determination based on personal conjecture). The IJ also relied upon an inconsistency between Reisi's testimony regarding his baptism and a document showing his affiliation with a church in Iran. These two documents do not disprove that he was practicing Christianity. *See Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir.2000) (per curiam) (stating that an adverse credibility determination based on speculation and conjecture and without factual support in the record is reversible).

Because the IJ denied the asylum application based solely on an adverse credibility finding, we remand this matter to the BIA for further proceedings to determine whether, accepting Reisi's testimony as credible, he is eligible for asylum and withholding of removal. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

KOZINSKI, Circuit Judge, dissenting.

I believe the IJ's credibility determination is rational and supported by substantial evidence. I would therefore deny the petition for review.