**Nanakjit SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73783.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 19, 2004.

Ashwani K. Bhakhri, Esq., Burlingame, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., William Campbell Erb, Jr., Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

## MEMORANDUM [**]

Nanakjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), we deny the petition.

Although some of the grounds upon which the IJ based his adverse credibility finding were based on improper speculation, *see Lopez–Reyes v. INS*, 79 F.3d 908, 912 (9th Cir.1996), minor inconsistencies that did not go to the heart of Singh's asylum claim, *see Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir.2000), improper requirement of corroboration, *see Ladha v. INS*, 215 F.3d 889, 901 (9th Cir.2000), or failure to address Singh's explanation of a perceived inconsistency, *see Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir.1998), substantial evidence supports the IJ's adverse credibility finding because Singh's inconsistent testimony regarding details of his detention, including the length of detention and with whom he was detained, go to the heart of his asylum and withholding claims. See *Chebchoub v. INS*, 257 F.3d 1038, 1043–44 (9th Cir.2001). Substantial evidence also supports the IJ's conclusion that Singh is not entitled to relief under CAT because he did not demonstrate that it is more likely than not that he would be tortured upon return to India. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1151–52 (9th Cir.1999).

## PETITION FOR REVIEW DENIED.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

