**Elpidio Nagal DOCTOR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70614.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 4, 2004.*

Decided Aug. 17, 2004.

Fed. R.App. P. 34(a)(2).

Peter Hsiao, Esq., Nonna Stepanian, Korenberg, Abramowitz & Feldun, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, U.S. Department of Justice, Washington, DC, for Respondent.

Before: REINHARDT, NOONAN, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Elpidio Nagal Doctor petitions for review of the IJ's decision denying his application for asylum and the BIA's summary affirmance thereof. As the parties are familiar with the facts, procedural history,

** This disposition is not appropriate for publication and may not be cited to or by the

and arguments, we will not recount them here. We deny the petition.

Assuming Doctor's testimony is credible, Doctor failed to establish a well-founded fear of persecution on account of a protected ground upon his return to the Philippines. This component of a claim for asylum requires a showing by "credible, direct, and specific" evidence of facts supporting a reasonable fear of persecution. *Mejia–Paiz v. INS*, 111 F.3d 720, 728 (9th Cir.1997).

The evidence established that the threats from the New People's Army were attributable to Doctor's government position. As Doctor no longer holds that position, and in light of the NPA's diminished presence in the country, the evidence failed to establish that there was an objective basis for a well-founded fear of future persecution on the part of Doctor.

In addition, Doctor failed to establish that the government was unable or unwilling to protect him. Simply because Doctor was refused his own security detail does not suffice to show that other, more cost-effective measures were not available or would not have provided adequate protection.

**PETITION DENIED.**

REINHARDT, Circuit Judge, dissenting.

I dissent. The IJ's adverse credibility determination should be reversed as it is wholly without support in the record. First, contrary to the IJ's assertions, the only information that Doctor was unable to recall about the NPA was the year in which a particular leader was captured. This sort of lack of knowledge reveals nothing about credibility. *See Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir.2000).

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Second, the IJ's proffered reasons for his adverse credibility finding were based on pure speculation. He found that Doctor's claims of indifference by the Metropolitan Manila Council and police were implausible and that it made no sense that the NPA would attempt to extort money from Doctor, given that he was not a wealthy man. Such personal conjecture about what the government or the guerrillas might or might not do is "not a substitute for substantial evidence." *Gui v. INS*, 280 F.3d 1217, 1227 (9th Cir.2002); *see also Lopez–Reyes v. INS*, 79 F.3d 908, 912 (9th Cir. 1998). Indeed, the speculation here provides a clear illustration of the reason for the rule: here, it is the IJ's speculation that makes little sense. Moreover, Doctor's testimony about the death threats that he received from the NPA was detailed, specific, and consistent, compelling a finding of credibility.

The majority errs in concluding that even if Doctor is credible, he failed to establish a well-founded fear of future persecution. In cases from the Philippines involving similar death threats from the NPA, this court has repeatedly determined that the petitioners faced a well-founded fear of future persecution. *See, e.g., Lim v. INS*, 224 F.3d 929 (9th Cir.2000); *Briones v. INS*, 175 F.3d 727 (9th Cir. 1999) (en banc). In this case, as in *Lim* and *Briones*, the NPA's murderous record and the U.S. State Department reports regarding the general threat posed by the NPA demonstrate that the petitioner's fear of future persecution is objectively well-founded. Although the NPA insurgency has been greatly reduced from its height in the 1980s, State Department Reports in the record indicate that NPA insurgents continued to commit numerous killings, and continued to target government officials. *Cf. Briones*, 175 F.3d at 729 (noting that although the NPA is "somewhat weaker than before, [it] remains capable of killing its opponents").

The majority suggests that Doctor has no well-founded fear because he could simply choose not to return to high level political work. This contravenes a fundamental principle of asylum law: Petitioners are entitled to asylum if they fear persecution on account of their political opinions. *See Navas v. INS*, 217 F.3d 646, 656 (9th Cir.2000). They are under no obligation to renounce their beliefs or political activity in order to escape their persecutors, just as applicants need not convert in order to avoid persecution on account of their religious beliefs.

Furthermore, the majority errs in concluding that, assuming his testimony to be credible, Doctor failed to establish that the government was unable or unwilling to protect him. Doctor repeatedly asked for protection from the government. Not only did it fail to provide him with his own security detail, it failed to provide any *effective* protection.

Because Doctor established a well-founded fear of persecution, I would find him eligible for asylum.