**Myint Myint SAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70383.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 2004.

Decided Aug. 24, 2004.

Madhu Sharma, Esq., The Law Offices of Steven R. Landaal, Santa Monica, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Jacqueline Dryden, U.S. Department of Justice, Washington, DC, for Respondent.

Before: REINHARDT, NOONAN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Myint Myint San, a native and citizen of Burma, petitions for review of the Board of Immigration Appeals' (BIA) denial of her applications for asylum and withholding of deportation. Because the BIA summarily affirmed the decision of the Immigration Judge (IJ), we review the IJ's decision as if it were the decision of the BIA. *See Al–Harbi v. INS,* 242 F.3d 882, 887–88 (9th Cir.2001).

■ The IJ made an adverse credibility determination against San on multiple grounds, all of which were improper. The IJ faulted San for "inconsistencies" which did not exist and minor discrepancies that did not go to the heart of her claims and therefore should have been disregarded. *See, e.g., Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003). He also erred in disbelieving San because she did not have enough corroborating evidence, despite our clear law that none is required when an applicant presents credible testimony. *See, e.g., Salaam v. INS,* 229 F.3d 1234, 1239 (9th Cir.2000). The IJ further based his determination on non-dispositive omissions in San's asylum application, another ground this court has generally found impermissible. *See, e.g., Bandari v. INS,* 227 F.3d 1160, 1166–67 (9th Cir.2000); *Lopez–Reyes v. INS,* 79 F.3d 908, 911 (9th Cir.1996). Finally, the IJ disbelieved San because he speculated that it was implausible that San was able to obtain a passport and visa and was given leave from her civil service job if she was going to be arrested. In discrediting San on these grounds, however, the IJ did not consider San's reasonable explanations and based his decision on no more than speculation. This was also clearly contrary to law. *See Abovian v. INS,* 219 F.3d 972, 979 (9th Cir.2000); *Lopez–Reyes,* 79 F.3d at 912.

■ Second, the IJ erred in his alternative holding that, even if San's testimony was taken as true, she did not have a well-founded fear of future persecution. In doing so, he chiefly relied on the fact that San's questioning by the military intelligence and her failure to be promoted does not rise to the level of past persecution. However, regardless of the lack of past persecution, the record compels a finding of well-founded fear of future persecution.

While in Burma, San was questioned by military authorities and helped conceal the whereabouts of her younger brother, who was a rebel, by asserting that he was dead.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

When the government obtained a recent picture of her brother and questioned her again, San repeated the false story that he was dead and was told to take leave to reconsider her answer. A secretary warned San that she was going to be arrested, so San left the country. Since San's departure, her younger brother has been caught and sentenced to life imprisonment, and some of his comrades have been sentenced to death. As a consequence, San's older brother, who was not involved in politics, has been taken away for interrogation, and the military intelligence is actively searching for San. The respondent accepts, as justified, the State Department's general warning that "returnees" to Burma should ordinarily expect to spend a few weeks to a few months detention in a military intelligence facility immediately upon their return. What would await San if she returned, however, would surely be worse, because the government knows that she lied and thereby aided a rebel it considers an assassin. San has produced "credible, direct, and specific evidence in the record that would support a reasonable fear of persecution" by the Burmese government if she returned. *See Singh v. INS,* 134 F.3d 962, 966 (9th Cir. 1998) (internal citation and punctuation omitted). A ten percent chance of persecution can constitute a well-founded fear, and San surpasses this threshold. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 431, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). However, we cannot say that the record compels a finding that she is more likely than not to face persecution upon her return, which would be required to grant her withholding. *See Al–Harbi,* 242 F.3d at 888 (9th Cir.2001).

For the foregoing reasons, we GRANT the petition for review and **REVERSE** the IJ's adverse credibility determination. We also **REVERSE** the IJ's holding that San did not have a well-founded fear of future persecution and hold that she is eligible for asylum. We **AFFIRM** the IJ's holding that San is not entitled to withholding of deportation. We **REMAND** for the Attorney General to exercise his discretion as to whether to grant asylum.