Israel Walter ZEVALLOS–DIAZ, Petitioner,

v.

Alberto GONZALES, Attorney General, Respondent.

No. 03–73427.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2005. San francisco, California.*

Decided March 8, 2005.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Stephen Shaiken, Esq., Law Offices of Stephen Shaiken, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: WALLACE, RAWLINSON, and BYBEE, Circuit Judges.

### MEMORANDUM **

Israel Walter Zevallos–Diaz, a native and citizen of Peru, petitions for review of the BIA's per curiam order denying his application for asylum, withholding of deportation, and protection under the Convention Against Torture. We review the IJ's decision since the BIA adopted and incorporated the IJ's reasoning. *Lopez–Reyes v. INS,* 79 F.3d 908, 911 (9th Cir. 1996). Since substantial evidence supports the IJ's adverse credibility finding and denial of asylum, 8 U.S.C. § 1252(b)(4)(B) (2000); *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Gormley v. Ashcroft,* 364 F.3d 1172, 1176 (9th Cir.2004), we deny the petition.

■ The definition of a "refugee" specifically excludes "any person who ordered, incited, assisted, or otherwise participated in the persecution of any person on account of ... political opinion." INA § 101(a)(42); 8 U.S.C. § 1101(a)(42)(A). Thus, a person who has participated in the persecution of others is statutorily ineligible for asylum or withholding of deportation. INA § 243(h)(2)(A); 8 U.S.C. § 1253(h)(2)(A) (1990). Here, the record contains detailed descriptions of torture committed by Zevallos–Diaz of Shining Path members in the Ayacucho prison. These descriptions are contained in Diaz's two asylum applications, the copy of the INS' notice of intent to deny, the testimony of Byron Park, and are also supported by country reports of abuse in this region. Since Diaz participated in torture, he is statutorily barred from receiving asylum and withholding of deportation and cannot be classified as a "refugee."

In addition, substantial evidence also supports the IJ's determination that Zevallos–Diaz is not eligible for withholding or deferral under the Convention Against Torture. Diaz claimed to fear torture by nongovernmental terrorists, the Shining Path, not of torture inflicted by or at the

instigation of or with the consent or acquiescence of the government. *See* 8 C.F.R. § 208.18(a)(1).

 Finally, Zevallos–Diaz asserts that he was denied due process under the Fifth Amendment due to ineffective counsel. *Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir.2004). He contends that the statements in his asylum applications that he participated in torture were false, and that if Park did not believe those statements to be false, he should have withdrawn so that another lawyer could prepare a revised declaration for Zevallos–Diaz. Zevallos–Diaz further argues that his credibility was undermined because his own lawyer did not believe his assertion that he had not participated in torture. However, the IJ concluded that even if its credibility finding was rejected, Zevallos–Diaz "has participated in persecution based on his uncontroverted admissions that he was involved as the 'good cop' in interrogation sessions which later resulted in torture." That is, the IJ concluded that Zevallos–Diaz would be statutorily ineligible for relief even if his assertions were believed, and so Park's failure to withdraw did not prejudice Zevallos–Diaz. Since " '[d]ue process challenges to deportation proceedings require a showing of prejudice to succeed,' " *id.* at 1024 (alteration in the original) (quoting *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1226 (9th Cir.2002)), we affirm the BIA's denial of relief.

**PETITION DENIED.**

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed.R.Civ.P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the