**Fomaya Salyb SAYDAROUS; Boushra Shenouda Said, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–71889.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2006.

Decided March 17, 2006.

---

R. Sheeno, Encino, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Ann Carroll Varnon, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMPSON, T.G. NELSON, and GOULD, Circuit Judges.

MEMORANDUM *

Boushra Shenouda Said ("Said") and, derivatively, his wife Fomaya Salyb Saydarous (collectively "petitioners"), natives and citizens of Egypt, petition for review of a decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). Petitioners also argue that the BIA's affirmance is unconstitutional. Finally, petitioners seek

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

review of the BIA's denial of their motion to reopen and reconsider their case based on new evidence.

### A. Asylum, Withholding, and CAT Protection

■ In the hearing before the IJ, Said testified to having received repeated death threats from Muslim extremists and having suffered an abusive police detention in Egypt on account of being a Coptic Christian. Apparently disbelieving his testimony, the IJ did not consider these events in concluding that Said had not established past persecution.

The IJ's adverse credibility findings, which we review for substantial evidence, *Chen v. Ashcroft*, 362 F.3d 611, 616 (9th Cir.2004), were too speculative to be supportable. For example, the IJ impermissibly rooted one adverse credibility finding in her skepticism that extremist Muslims would focus individual attention on a 47-year-old, lifelong Christian such as Said. *See Lopez–Reyes v. INS*, 79 F.3d 908, 912 (9th Cir.1996) (holding that an adverse credibility finding was unsupported when it relied upon "personal conjecture about what guerillas likely would and would not do").

The BIA affirmed the IJ's "conclusion" in a three-sentence, per curiam opinion revealing no independent analysis. It is not clear whether the affirmed "conclusion" incorporated the impermissible adverse credibility findings.

When it is unclear whether the BIA conducted a de novo review, we may "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Avetova–Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir.2000) (reviewing both opinions even though the BIA's "phrasing seems in part to suggest that it did conduct an independent review of the record," because "the lack of analysis that the BIA opinion devoted to the issue at hand—its simple statement of a conclusion—also suggests that the BIA gave significant weight to the IJ's findings").

The adverse treatment that Said testified to having received in Egypt, including repeated death threats and police brutality, likely constituted past persecution. *See, e.g., Navas v. INS*, 217 F.3d 646, 658 (9th Cir.2000) ("In asylum and withholding of deportation cases, we have consistently held that death threats alone can constitute persecution."); *Chand v. INS*, 222 F.3d 1066, 1073 (9th Cir.2000) ("Physical harm has consistently been treated as persecution."). Establishing past persecution would have entitled Said to the presumption of a well-founded fear of future persecution, rebuttable only by a showing that relevant circumstances had fundamentally changed. *See* 8 C.F.R. § 208.13(b)(1); *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir.2004). The absence of any such analysis in the BIA's affirmance further suggests that it adopted the IJ's impermissible adverse credibility findings.

"Where a court of appeals holds that an IJ's or BIA's adverse credibility finding is not supported by substantial evidence, it must remand the matter to the agency for a consideration of factual questions that may be dispositive of the petition." *Singh v. Gonzales*, 439 F.3d 1100—— F.3d ——, 2006 WL 572003, *10 (9th Cir. Mar.10, 2006) (citing *INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002)). Accordingly, we remand this case for further proceedings to determine whether, accepting Said's testimony as credible, he and his spouse are eligible for relief.

### B. Constitutional Challenges

■ We reject petitioners' claims that the BIA's affirmance of the IJ's decision violates their due process and equal pro-

tection rights. The BIA's brief opinion afforded petitioners no less process than an affirmance without opinion, which we have previously deemed consistent with the requirements of due process. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1078–79 (9th Cir.2004) (citing *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir. 2003)). Moreover, we cannot address petitioners' allegation of infringed equal protection where they do not make the fundamental claim that BIA streamlining relates to its classification of people into groups. *See Freeman v. City of Santa Ana,* 68 F.3d 1180, 1187 (9th Cir.1995) ("The first step in equal protection analysis is to identify the [defendants'] classification of groups." (alteration in original; internal quotation marks removed)).

## C. Motion to Reopen and Reconsider

Petitioners filed a petition for review of the BIA's eligibility decision, but they did not file a petition for review of the BIA's denial of their motion to reopen and reconsider their case based on new evidence. As the Supreme Court explained in *Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995), Congress "envisioned two separate petitions filed to review two separate final orders." The BIA made two separate final orders. We lack jurisdiction to consider the BIA's order denying the petitioners' motion to reopen and reconsider, because petitioners did not file a petition for review of that order. *Id.*

**PETITION FOR REVIEW GRANTED IN PART; REMANDED TO BIA.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.