Angrej SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75328.

United States Court of Appeals, Ninth Circuit.

554

Submitted Nov. 16, 2006.*

Filed Feb. 2, 2007.

Ashwani K. Bhakhri, Esq., Ashwani K. Bhakhri, Esq., Joseph J. Siguenza, Esq., George T. Heridis, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, M. Jocelyn Lopez Wright, Esq., Eric W. Marsteller, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington DC, for Respondent.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: TASHIMA and McKEOWN, Circuit Judges, and EZRA **, District Judge.

### MEMORANDUM ***

Petitioner Angrej Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("the Board") affirming the Immigration Judge's ("IJ") denial of Petitioner's application for asylum, withholding of removal, and relief under the United Nation's Convention Against Torture ("CAT"). Where, as here, the Board summarily affirms the IJ's decision without opinion, we review the IJ's decision as the agency decision. *See Lanza v. Ashcroft,* 389 F.3d 917, 925 (9th Cir.2004). Reviewing the IJ's decision for substantial evidence, *Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir.2006), we grant the petition and remand the case for the agency to make proper findings of fact, divorced from the improper considerations discussed herein.

■ The IJ made an adverse credibility determination against Petitioner and denied relief on the merits based, in predominant part, on that determination. The IJ noted "grave concerns" about Petitioner's marriage of convenience. The IJ failed, however, to differentiate between the type of permissible false statement made here to obtain immigration benefits; and those that are made to establish a critical element of an asylum claim. *See Marcos v. Gonzales,* 410 F.3d 1112, 1117 (9th Cir.

2005) (holding that a misrepresentation on a visa application did not support an adverse credibility determination because it did not go to the heart of the petitioner's asylum claim); *Kaur v. Ashcroft,* 379 F.3d 876, 889 (9th Cir.2004) (finding that "the fact that an asylum seeker has lied to immigration officers ... to enter this or another country, without more, is not a proper basis for finding [the asylum seeker] not credible"). Petitioner neither lied about his reason for entering into the marriage to secure immigration benefits, nor did he try to evade questions about the marriage. To the contrary, the explanation that he provided for the marriage was fully consistent with his reasons for seeking asylum. The marriage, furthermore, bears no relation to Petitioner's asylum claim, except to the extent that it supports Petitioner's fear of returning to his country and the lengths to which he was willing to go to save himself and his family.

The IJ also found inconsistencies between Petitioner's testimony and his statement attached to his asylum application. Contrary to the IJ's finding, the record does not support any inconsistencies surrounding the uncle's death, nor should the IJ have placed emphasis on the lack of a detailed description of the June 1997 beating in Petitioner's asylum statement. *See Lopez–Reyes v. INS,* 79 F.3d 908, 911 (9th Cir.1996) ("It is well settled that an applicant's testimony is not per se lacking in credibility simply because it includes details that are not set forth in the asylum application.").

Additionally, when making his credibility determination, the IJ cited Petitioner's failure to corroborate his injuries and the medical treatment that he received. Cor-

---

** The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

roboration was unnecessary, however, on the facts of this case because corroborative evidence was not easily available and Petitioner's unlicensed doctor would not produce anything in writing. *See Garrovillas v. INS,* 156 F.3d 1010, 1016 (9th Cir.1998); *Lopez–Reyes,* 79 F.3d at 912. Specifically, the IJ stated, "[o]n the face of it, and the Court acknowledges that it is not a medical doctor, on the face of it this causal, low-level treatment seems inconsistent with the rather lurid description of the beatings that the respondent allegedly sustained." That finding amounts to no more than mere conjecture and speculation, which are not proper grounds for an adverse credibility finding. *See Singh,* 439 F.3d at 1108; *Suntharalinkam v. Gonzales,* 458 F.3d 1034, 1041 (9th Cir.2006). Hence, to the extent that the IJ relied on those considerations to make his credibility finding, the IJ's finding was improper and not supported by substantial evidence.

■ By failing to consider Petitioner's testimony as true, as the IJ should have done, the IJ failed to make proper findings of fact concerning Petitioner's past persecution and the potential for persecution based on mixed motives. "A persecutor may have multiple motives for inflicting harm on an asylum applicant. As long as the applicant produces evidence from which it is reasonable to believe that the persecutor's action was motivated, at least in part, by a protected ground, the applicant is eligible for asylum." *Deloso v. Ashcroft,* 393 F.3d 858, 864 (9th Cir.2005) (internal quotation marks and citation omitted). Primarily, the IJ did not consider the beatings, detainments, and the questioning that took place in June and December 1997. Those events may have occurred as a result of the police targeting Petitioner as a terrorism suspect based on, at least in part, his political involvement with the Akali Dal Mann party. The same holds true for Petitioner's withholding claim.

■ Similarly, the IJ's analysis and findings concerning Petitioner's CAT claim are lacking because the IJ found, in the first instance, that Petitioner's testimony was not credible. Thus, we must remand to the agency for a determination on the merits, taking Petitioner's testimony as true.

"Where a court of appeals holds that an IJ's or [Board's] adverse credibility finding is not supported by substantial evidence, it must remand the matter to the agency for a consideration of factual questions that may be dispositive of the petition." *Singh,* 439 F.3d at 1112 (citation omitted). On remand, the agency must determine whether, in regard to Petitioner's asylum and withholding of removal claims, Petitioner put forth sufficient evidence to prove past persecution, actual or imputed, based on, at least in part, Petitioner's membership in the Akali Dal Mann party. In making that determination, the agency may consider evidence of the timing of the events in relation to Petitioner's political membership and activities, and the substance of the persecution. *See id.* at 1111.

As for the CAT claim, the agency must determine whether, taking Petitioner's testimony as true, Petitioner is "more likely than not to suffer intentionally-inflicted cruel and inhuman treatment," *id.* at 1113 (citing *Nuru v. Gonzales,* 404 F.3d 1207, 1221 (9th Cir.2005)), and whether internal relocation is possible. *See Hasan v. Ashcroft,* 380 F.3d 1114, 1123 (2004).

**PETITION FOR REVIEW GRANTED AND CASE REMANDED.**