Alvaro Arturo DIAZ–GRAMAJO,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–74044.

United States Court of Appeals,
Ninth Circuit.

Submitted May 16, 2007.[*]

Filed May 23, 2007.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., U.S. Department Of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT and TASHIMA, Circuit Judges.

MEMORANDUM [**]

Alvaro Arturo Diaz–Gramajo, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Diaz–Gramajo testified that his initial asylum application was prepared by a non-attorney who omitted key elements of his claim and advised him to remain consistent with the incomplete version of the application. We conclude that the IJ did not provide a specific and cogent basis for finding that Diaz–Gramajo's explanation, for the omission in his initial asylum application, was not credible. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003).

The IJ's remaining adverse credibility findings, based on two of the Diaz–Gramajo's documents, are not supported by substantial evidence. The IJ did not offer Diaz–Gramajo an opportunity to explain the perceived inconsistency involving his student identification card. *See Guo v. Ashcroft,* 361 F.3d 1194, 1200 (9th Cir. 2004). The IJ also improperly speculated regarding the authenticity of the magazine article and the likelihood that a student disappearance would be mentioned in the magazine. *See Lopez–Reyes v. INS,* 79 F.3d 908, 912 (9th Cir.1996).

Accordingly, we grant the petition for review and remand for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.