133 F.3d 931
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ariel Obmerga VELOSO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70028, Aig-dul-hrx.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Jan. 20, 1998.
 
 Before: BROWNING, KLEINFELD and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ariel Obmerga Veloso, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a,[1] and we deny the petition.
 
 
 3
 Because the BIA incorporated the IJ's decision, we review the IJ's decision.[1] See Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir.1996). We review credibility findings under the substantial evidence standard, and we must uphold the IJ's adverse credibility finding "unless the evidence presented compels a reasonable factfinder to reach a contrary result." Id. Although the IJ's credibility finding is entitled to "substantial deference," it must be supported by "a specific, cogent reason." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992).
 
 
 4
 To be eligible for asylum based on a well-founded fear of persecution, an applicant must demonstrate both subjective and objective fear. See id. To satisfy the subjective component, an applicant must present credible testimony that he genuinely fears persecution. See id.
 
 
 5
 Here, the IJ stated that he found Veloso incredible because he appeared "unduly nervous" and his testimony was "equivocal, vague, inconsistent, unconvincing and on the whole, unbelievable." The IJ pointed to particular portions of Veloso's testimony to substantiate this conclusion. Because the IJ provided specific and cogent reasons for disbelieving Veloso's testimony, substantial evidence supports the IJ's decision. See id.
 
 
 6
 Because Veloso failed to provide credible evidence of past persecution or a well-founded fear of future persecution, he failed to establish eligibility for asylum. See id, at 1257-58 (noting that where an applicant's testimony is deemed incredible there is no basis for a claim of past persecution or a fear of future persecution). It follows that he did not satisfy the more stringent standard for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1)
 
 
 [1]
 The BIA noted that Veloso failed to challenge the IJ's negative credibility finding, but because the BIA nevertheless reached the merits of the credibility determination, so do we