**Armando Avalos SANCHEZ; Bertha Salazar Segovia, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–70258.**

**INS Nos. A75–597–230, A75–597–231.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 20, 2002.

---

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Armando Avalos Sanchez and his wife, Bertha Salazar Segovia, natives and citi-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

zens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their applications for cancellation of removal. We dismiss in part and grant in part the petition for review.

We lack jurisdiction to review the BIA's decision denying Sanchez's application for cancellation of removal because the determination of whether an applicant has shown exceptional and extremely unusual hardship is a discretionary act. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002), *quoting Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir. 2002); *cf Kalaw v. INS*, 133 F.3d 1147, 1152 (9th Cir.1997) (holding that this court lacks jurisdiction to review the BIA's determination of the statutory requirement of extreme hardship under the transitional rules because that determination "is clearly a discretionary act"). We therefore dismiss the petition for review with respect to Sanchez.

We have jurisdiction to review the denial of Segovia's application for cancellation of removal because it involves the legal determination of whether an applicant has shown ten years of continuous physical presence. *See Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir.2002); *Kalaw*, 133 F.3d at 1150. Because the BIA incorporated the IJ's decision regarding continuous physical presence, we treat that portion of the IJ's decision as the BIA's. *See Molina–Estrada*, 293 F.3d at 1092.

The IJ's decision that Segovia failed to establish ten years of continuous physical presence is not supported by substantial evidence in that the IJ did not give a legitimate reason for rejecting the testimony of Celia Cortez and the affidavit of Rogelio Vargas. *See Lopez–Reyes v. INS*,

79 F.3d 908, 911 (9th Cir.1996). Therefore, we grant the petition for review as to Segovia, and remand to the BIA for further proceedings consistent with this decision.

**PETITION FOR REVIEW DISMISSED in part, and GRANTED and REMANDED in part.**