Behazd ABADI, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICES, Respondent.

No. 01–71849.

I & NS No. A75–596–542.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2002.

Decided Dec. 19, 2002.

---

Before D.W. NELSON and T.G. NELSON, Circuit Judges, and SCHWARZER,* Senior District Judge.

## MEMORANDUM**

Behazd Abadi, a native and citizen of Iran, petitions for review of a decision of the Board of Immigration Appeals ("BIA"), affirming an Immigration Judge's ("IJ") denial of his application for political asylum and withholding of removal on the basis of an adverse credibility finding. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition and remand with directions.

### I.

Before reviewing the BIA's credibility finding, we consider Abadi's other claims on appeal. Abadi claims that the BIA erred in denying relief under the Convention Against Torture. This Court will "review only issues which are argued specifically and distinctly in a party's opening brief." *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir.1994). Abadi makes this claim in a conclusory manner with no legal authority to show how the BIA erred in denying him such relief. "[A] bare assertion does not preserve a claim" and thus, we find that Abadi abandoned this claim for relief. *Id.*

Abadi next challenges the constitutionality of Immigration and Naturalization Act ("INA") § 240B(b)(1), 8 U.S.C. § 1229c(b)(1). Abadi lacks standing to make this claim because he points to no injury or detriment he suffered as a result

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of this provision. *United States v. Raines,* 362 U.S. 17, 21, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960).

■ Abadi also claims the INS abused its discretion in not allowing him to withdraw his asylum application and not granting voluntary departure. This Court lacks jurisdiction because Abadi failed to exhaust his administrative remedies by not appealing the INS's denial to the BIA. 8 U.S.C. § 1252(d)(1).

Abadi further claims that the IJ erred in keeping docket information incorrectly reflecting a delay caused by Abadi, making him ineligible for employment authorization. He claims that the regulations regarding such employment authorization at 8 C.F.R. § 208.7 are unconstitutional and against international law. We may decide a petition for review "only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). No factual record has been developed as to these employment authorization claims, and the issues are not properly before this Court in the context of its review of Abadi's final order of removal.

## II.

We now turn to Abadi's petition for review of the BIA and IJ's denial of his application for political asylum and withholding of removal. We review the BIA's credibility determinations, factual findings, and determination of eligibility for asylum for substantial evidence. *Hernandez–Montiel v. INS,* 225 F.3d 1084, 1090 (9th Cir.2000). We uphold the BIA's findings " 'unless the evidence compels a contrary conclusion.' " *Id.* at 1090–91 (citation omitted); *see also INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). An IJ who rejects

testimony for lack of credibility must offer a specific, cogent reason for the rejection, and this Court may evaluate those reasons to determine whether they are valid grounds upon which to base a finding that the applicant is not credible. *Lopez–Reyes v. INS,* 79 F.3d 908, 911 (9th Cir.1996).

■ The BIA based its adverse credibility finding on four reasons articulated by the IJ. First, the BIA based its finding on the ground that Abadi's written asylum application filed on July 7, 1998, alludes to a warrant of arrest which, however, appears to have been issued after the application was filed. Abadi testified that he had the assistance of a translator in preparing his asylum application and was not aware that the written application stated that a warrant had been issued for his arrest. He consistently testified at his asylum interview with the Immigration and Naturalization Service and at his hearing before the IJ that, though he had been told that the police were searching for him, he knew of no warrant of arrest at the time of his written application. This testimony could only have diminished the degree of his persecution. Had Abadi been interested in fabricating evidence of persecution, he would have had no reason to submit a warrant of arrest postdating his arrival in the United States. Moreover, "[u]ntrue statements by themselves are not reason for refusal of refugee status." *Garrovillas v. INS,* 156 F.3d 1010, 1013 (9th Cir.1997) (quoting *Turcios v. INS,* 821 F.2d 1396, 1400 (9th Cir.1987) (finding error in the BIA's adverse credibility determination where the petitioner's application stated that he had been shot at, but the petitioner testified at his hearing six years later that he had never been shot at)). "If discrepancies 'cannot be viewed as attempts by the applicant to enhance his

**1000**

claims of persecution, [they] have no bearing on credibility.'" *Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir.2000) (quoting *Damaize–Job v. INS*, 787 F.2d 1332, 1337 (9th Cir.1986)).

The BIA also based its adverse credibility finding on the IJ's finding "that it was implausible that [Abadi's] parents were not arrested or even detained for questioning," given that they were strong supporters of the Shah and both Abadi and his brother were arrested. However, conjecture about what persecutors likely would or would not do is not a substitute for substantial evidence. *Lopez–Reyes*, 79 F.3d at 912. The BIA asserted that pamphlets promoting Derafseh Kaviani ("DK"), a Paris-based anti-Iranian regime organization, were found in the parents' house, but there is no evidence to support that assertion. Abadi testified that DK propaganda was found not at his parents' house but at the house he shared with his brother. He never claimed that his parents' home was implicated in any DK activities against the current regime, or that his parents were suspected of participating in DK activities.

The BIA also found Abadi's testimony not credible because he failed to mention in his asylum application that he was beaten and tortured during the first month of his incarceration. His application stated only that he was threatened with execution. At the hearing, Abadi gave detailed and specific testimony regarding his imprisonment, consistent with his written application. A "failure to file an application form that was as complete as might be desired cannot, without more, properly serve as the basis for a finding of a lack of credibility." *Aguilera–Cota v. INS*, 914 F.2d 1375, 1382 (9th Cir.1990); *see also Cordon–Garcia v. INS*, 204 F.3d 985, 993 (9th Cir.2000).

Finally, the BIA faulted Abadi for having failed to submit affidavits from his parents or a letter from DK showing he had been an active supporter without providing "a credible explanation to excuse the corroboration needed to support his claim." In the circumstances of this case, Abadi could not reasonably be expected to obtain corroboration of his anti-government activities from his parents in Iran, much less from an anti-government group. *See Sidhu v. INS*, 220 F.3d 1085, 1091–92 (9th Cir.2000) (citing *Lopez–Reyes* and stating that "it is inappropriate to base an adverse credibility determination on an applicant's inability to obtain corroborating affidavits from relatives or acquaintances living outside the United States.").

We find that substantial evidence does not support the BIA's adverse credibility finding.

III.

Given that the BIA's adverse credibility finding is not supported by substantial evidence, we conclude that Abadi has proved by compelling evidence that he suffered past persecution on account of his political opinion. He was incarcerated for over a year after the police found DK pamphlets in his car and threatened with execution. He was subjected to abusive treatment while in prison to extract information from him. He was released on condition that he have no contact with any other group, report regularly to a police precinct, and not leave the country for five years. He barely avoided arrest as he approached a meeting with an informer together with his brother, who was arrested and has not been heard from since. When the police searched for him and raided his home, he escaped and eventually came to the United States.

Because Abadi has established past persecution, he is entitled to a presumption of a well-founded fear of future persecution. *See Salaam v. INS*, 229 F.3d 1234, 1240 (9th Cir.2000). The INS is then entitled to demonstrate by a preponderance of the evidence that country conditions have changed sufficiently to rebut that presumption. *See* 8 CFR § 208.13(b)(1)(I). Because that is a matter for the BIA to decide and it has not yet had the opportunity to consider it, we must remand. *See INS v. Ventura*, —— U.S. ——, 123 S.Ct. 353, —— L.Ed.2d —— (2002). Accordingly, the petition is GRANTED and the matter is REMANDED to the BIA for further proceedings consistent with this memorandum.

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.