**Iqbalun Nisha PRASAD;
et al., Petitioners,**

v.

**Alberto R. GONZALES,\* Attorney
General, Respondent.**

No. 03–70509.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 2005.

Decided May 23, 2005.

Joseph J. Siguenza, Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: KLEINFELD, HAWKINS, and GRABER, Circuit Judges.

MEMORANDUM \*\*

Petitioner Iqbalun Nisha Prasad and her three daughters, who are ethnic Indian citizens of Fiji, petition for review of a final order of removal.

1. The immigration judge ("IJ"), whose decision was upheld by the Board of Immigration Appeals ("BIA"), held that if the lead Petitioner's testimony were be-

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

lieved, then "it would be clear that asylum should be granted in this particular case." But the IJ also held that the lead Petitioner was not credible. We conclude that the adverse credibility determination is not supported by the kinds of "specific, cogent reasons," *Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004), that this court's cases require.

2. The IJ characterized the wording of Petitioner's testimony as "extreme" and "one-dimensional." But the testimony that the IJ cited concerned general conditions in Fiji following the coup (rather than the specific basis of Petitioner's asylum claim), and the testimony was consistent with the State Department's report of those conditions. In the circumstances the stated reason is not "factually supported," nor does it strike "at the heart" of the claim. *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004). The IJ's further characterization of Petitioner's testimony as inconsistent with *Singh v. INS*, 134 F.3d 962 (9th Cir.1998), and the cases cited therein is not borne out by reading those cases, which are consistent with Petitioner's opinion that the police "never listened" to Indo–Fijians during the relevant period.

3. The IJ noted that Petitioner's testimony about Vilu's[1] various threats contained "verbatim-identical" renditions of those threats. This observation is not entirely accurate because Vilu's quoted statements ran the gamut from saying that Indo–Fijians should be "under the foot" of native Fijians to threatening sexual assault. To the extent that Petitioner mentioned repeatedly that Vilu used "profanities" and called her and Jyota[2] "Indian bitches," it is unclear why-if Vilu used the phrase-repeating it more than once makes the testimony less credible. *Cf. Shire v.*

*Ashcroft*, 388 F.3d 1288, 1297–98 (9th Cir. 2004) (holding that the exact words spoken by alleged persecutors are not significant and relevant).

4. The IJ found it implausible that Petitioner did not return to her shop after it burned or that she left her children unattended. This court has rejected adverse credibility determinations that rest on similar "speculation" about what a petitioner should or would do in the situation that she faced. *Ge v. Ashcroft*, 367 F.3d 1121, 1126 (9th Cir.2004).

5. The IJ found it implausible that Vilu recognized Petitioner's husband and concluded that Petitioner's explanation was "opportunistic." Petitioner testified that a friend of her husband was, like Vilu, a police officer, and that Vilu had seen Petitioner and her husband shopping together. A mere unflattering characterization of a petitioner's testimony is not a valid basis to find it unbelievable. *Abovian v. INS*, 219 F.3d 972, 979 (9th Cir.), *amended*, 228 F.3d 1127 (9th Cir.2000).

6. The IJ relied on the lead Petitioner's failure to describe the burning of her business, in either her asylum application or her conversation with the asylum officer, "yet it was one of the first things she said when she began testifying in court." A significant and relevant omission can support an adverse credibility determination. *Li*, 378 F.3d at 962. Lesser omissions cannot. *Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir.2000).

There are three problems with the IJ's reliance on the omission of the shop-burning incident from the asylum application. First, the heart of the lead Petitioner's asylum case was her repeated rape by a police officer and his accomplice, who were

---

1. Vilu is the nickname of the police officer who, according to Petitioner's testimony, raped her.

2. Jyota was Petitioner's business partner.

in a group of six intruders. Whether Petitioner's shop was burned later is only tangentially related to the basis for the asylum claim. It is unclear why Petitioner's decision to focus exclusively on the physical attack that she suffered[3] casts doubt on her credibility.

Second, the testimony came early in Petitioner's narrative only because the questioning happened to lead specifically in that direction. There is no indication in her testimony that Petitioner ever viewed the burning of the shop as particularly significant to her claim. When first asked at the hearing why she was in the United States, Petitioner responded that she was not safe in Fiji and had been harassed, beaten, robbed, and raped. Just because the IJ thought that Petitioner *ought* to have relied on the burning of a shop in which she was a part owner does not mean that Petitioner *did* rely on that event as part of her claim.

Third, "[a]n adverse credibility finding is improper when an IJ fails to address a petitioner's explanation for a discrepancy or inconsistency." *Kaur v. Ashcroft,* 379 F.3d 876, 887 (9th Cir.2004). The IJ did not specifically address the lead Petitioner's explanations concerning the advice she received and the translation difficulties she encountered.

7. The IJ also relied on Petitioner's failure to mention in the asylum application Vilu's telephonic threats preceding the rape. But the application, like the live testimony, did describe several *in-person* threats. In that circumstance the omission of similar telephonic threats is not a key omission. We have held that "an applicant's testimony is not per se lacking in credibility simply because it includes details that are not set forth in the asylum

application." *Lopez–Reyes v. INS,* 79 F.3d 908, 911 (9th Cir.1996).

8. The IJ wondered why the "declaration makes it sound like [Vilu] was at the shop on two different times on May 25th." But the declaration doesn't. The most natural reading of the declaration is that on May 25 Vilu reminded Petitioner of what he had told her in March when he came to the shop and threatened her.

9. Finally, the IJ faulted the lead Petitioner for failing to corroborate her testimony with a business license for the garment shop and an affidavit from Jyota. The business license was not "easily available" because the original was burned in the fire and any other copy was in Fiji. *See Guo v. Ashcroft,* 361 F.3d 1194, 1201 (9th Cir.2004) (holding that a certificate of dismissal from a job in China was not "easily available"). Similarly, "it is inappropriate to base an adverse credibility determination on an applicant's inability to obtain corroborating affidavits from ... acquaintances living outside of the United States—such corroboration is almost never easily available." *Sidhu v. INS,* 220 F.3d 1085, 1091–92 (9th Cir.2000).

■ 10. Because the IJ's adverse credibility determination is not supported by substantial evidence, the lead Petitioner's testimony must be taken as true. That testimony establishes that Petitioner was persecuted on account of her ethnicity.

The BIA has not yet considered, however, whether the government has rebutted the resulting presumption that Petitioner has a well-founded fear of future persecution, an issue that it should address in the first instance on remand. *Hasan v. Ashcroft,* 380 F.3d 1114, 1123 (9th Cir.2004). On remand the BIA also should address the claims for withholding of removal and protection under the Convention Against

---

3. To a lesser extent Petitioner also relied on a    physical attack against her husband.

Torture, taking the lead Petitioner's testimony as true.

PETITION GRANTED; REMANDED for further proceedings.

KLEINFELD, Circuit Judge, dissenting.

I respectfully dissent.

In her asylum application, Prasad said that her reason for seeking asylum in the United States was that "I was harassed, humiliated, beaten, looted, raped." Of course, rape is the most serious of her allegations, but it is striking that she mentions that she was looted, yet fails to mention that her store was burned out in her application. When she does mention arson in her application, in her "background information," she claims that Indians' "houses" were set on fire, but she again fails to mention that her store was set on fire. Then at her asylum interview she yet again failed to mention that her shop was burned down, despite making six other changes to her application. She was also given the opportunity to amend her asylum application at the beginning of the immigration hearing, and while she made four changes at that time, she did not say that her shop was burned to the ground. The omission of the burning of her shop was a significant and relevant omission, which sufficiently supports the immigration judge's adverse credibility finding.[1]

---

1. See Li v. Ashcroft, 378 F.3d 959, 962 (9th Cir.2004).

