Sohar Jalal TOMA, Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–73259.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2008.

Filed March 19, 2008.

Douglas R. Nelson, Attorney at Law, San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard J. Bender, Esq., USSAC—Office of the U.S. Attorney, Sacramento, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, FRIEDMAN *, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Sohar Jalal Toma ("Toma"), a native and citizen of Iraq, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming, without opinion, the decision of an Immigration Judge ("IJ") finding him not credible and denying his application for asylum, withholding of removal, relief under the Convention

---

* The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Against Torture ("CAT") and humanitarian asylum. We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's decision directly because the BIA adopted it as the final agency determination. *See Mashiri v. Ashcroft,* 383 F.3d 1112, 1118 (9th Cir.2004). We grant the petition and remand.

■■■ We examine the record to determine whether substantial evidence supports the conclusion that Toma is not credible. *See Gui v. I.N.S.,* 280 F.3d 1217, 1225 (9th Cir.2002). Substantial evidence does not support the IJ's adverse credibility determination. In the IJ's decision, the IJ admits that Toma's inconsistent testimony regarding the complexities of the different Kurdish groups, by itself, would not be enough to support an adverse credibility determination. The other basis for the IJ's adverse credibility determination, that Toma's statement of incarceration was not credible, is also not supported by substantial evidence. The IJ addressed the inconsistency regarding the reasons for Toma's incarceration (supplying weapons versus supplying food and medicine to the Kurds), but did not give Toma an opportunity to explain the perceived inconsistency in the record. *See Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir.2004). Moreover, the IJ further found it implausible that Toma did not bleed when he was beaten with a two-inch diameter stick. The IJ also found it significant that Toma was not subject to more severe punishment by Saddam Hussein and the Ba'ath Party if Toma was really suspected of supplying weapons to the Kurds. These findings are based on conjecture and speculation, which is an impermissible basis for an adverse credibility determination. *See Ge v. Ashcroft,* 367 F.3d 1121, 1126 (9th Cir.2004) (findings cannot be based on personal conjecture about what authorities would or would not do); *Lopez–Reyes v. I.N.S.,* 79 F.3d 908, 912 (9th Cir.1996) (findings based on "what guerillas likely would and

would not do" is not a substitute for substantial evidence). Therefore, Toma is deemed credible. *See Shire v. Ashcroft,* 388 F.3d 1288, 1299 (9th Cir.2004). The IJ determined that, if Toma had testified credibly, the events he experienced did constitute past persecution. We agree, and therefore conclude that the record compels the conclusion that Toma has established past persecution on account of his political opinion. *See Lopez v. Ashcroft,* 366 F.3d 799, 804 (9th Cir.2004).

■■■ "If past persecution is established, a rebuttable presumption of a well-founded fear arises, 8 C.F.R. § 208.13(b)(1), and the burden shifts to the government[.]" *Tawadrus v. Ashcroft,* 364 F.3d 1099, 1103 (9th Cir.2004). The IJ determined the presumption of future persecution would be rebutted by changed country conditions pursuant to 8 C.F.R. § 208.16(b)(1)(i). The government, however, has not shown by a preponderance of the evidence that there has been a fundamental change in circumstances to rebut the presumption of a well-founded fear of persecution on account of political opinion. *See* 8 C.F.R. §§ 208.13(b)(1)(i), (b)(1)(ii); *Hanna v. Keisler,* 506 F.3d 933, 938 (9th Cir.2007). The government must introduce, and the BIA must provide an analysis of, evidence as to Toma's particular circumstances as they apply to the changed circumstances. *See Lopez,* 366 F.3d at 805 (quoting *Borja v. I.N.S.,* 175 F.3d 732, 738 (9th Cir.1999) (en banc)); *Berroteran–Melendez v. I.N.S.,* 955 F.2d 1251, 1257 (9th Cir.1992). The record merely indicates that the government submitted information about the general changes and situation in Iraq. *See Rios v. Ashcroft,* 287 F.3d 895, 901 (9th Cir.2002) (quoting *Garrovillas v. I.N.S.,* 156 F.3d 1010, 1017 (9th Cir.1998) ("Information about general changes in the country is not sufficient [to rebut the presumption].")).

Because we find that the government did not rebut the presumption, it is appropriate to permit the BIA on remand "to assess whether changed country conditions rebut the presumption based on the proper legal standards[.]" *Lopez,* 366 F.3d at 807. We therefore grant the petition for review as to the asylum claim and remand this matter to the BIA. We also remand the claims for withholding of removal, CAT relief, and humanitarian asylum, in order to make a similar assessment. The BIA, however, need not reach these claims if the government does not rebut the presumption that Toma has a well-founded fear of persecution.

**PETITION FOR REVIEW GRANTED and REMANDED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.