**Sukhjinder Singh DHALIWAL, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–72687.**

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 22, 2009.

Tsz–Hai Huang Fax, Zeena Batliwalla, Rai & Associates, P.C., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Ann Carroll Varnon, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

736

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Sukhjinder Singh Dhaliwal, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, including adverse credibility determinations, *Soto–Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir.2009), and we grant in part and deny in part the petition for review.

■ The IJ found Dhaliwal not credible because he omitted his father's arrest, subsequent police visits, and details regarding his detention and mistreatment from his asylum application. The adverse credibility determination is not supported by substantial evidence in light of Dhaliwal's explanation that he did not prepare his application and he expected a chance to elaborate at a later date. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003); *Lopez–Reyes v. INS*, 79 F.3d 908, 911 (9th Cir.1996). Furthermore, the BIA's finding that Dhaliwal's testimony regarding police visits to his house was implausible is based upon speculation and conjecture. *See Ge v. Ashcroft*, 367 F.3d 1121, 1125–26 (9th Cir.2004).

■ The IJ alternately found that even if Dhaliwal were credible, he could not meet his burden of proof. However, the IJ did not take all of Dhaliwal's testimony as true, as she was required to do when deeming him to be credible, and therefore that finding is not controlling. *See Soto–Olarte*, 555 F.3d at 1092–93. To the extent the IJ independently denied Dhaliwal's asylum and withholding of removal claims for failure to demonstrate harm on account of a protected ground, that finding is not supported by substantial evidence given Dhaliwal's testimony that police detained him because they believed he supported the militants. *See Kumar v. Gonzales*, 444 F.3d 1043, 1054 (9th Cir.2006); *cf. Dinu v. Ashcroft*, 372 F.3d 1041, 1044 (9th Cir. 2004).

Accordingly, we grant the petition as to Dhaliwal's asylum and withholding of removal claims, and remand on an open record. *See Soto–Olarte*, 555 F.3d at 1096.

We deny the petition as to Dhaliwal's CAT claim because he failed to demonstrate that it is more likely than not he will be tortured upon return to India. *See Ahmed v. Keisler*, 504 F.3d 1183, 1200–01 (9th Cir.2007).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.