**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAICHUN SHI, | No. 07-72711 |
| Petitioner, | |
| | Agency No. A095-295-297 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2010[**]

Before:     B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Kaichun Shi, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order affirming an immigration judge's decision

denying her application for asylum, withholding of removal, and protection under

the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence, *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006), and we grant the petition for review, and remand.

The agency concluded Shi was not credible because her asylum application stated that she had a trial pending against her, whereas she testified that there was no court trial pending against her. This conclusion is not supported by substantial evidence because Shi's explanation established there was no inconsistency between her asylum application and testimony. *See Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir. 2000). In addition, the inconsistency in Shi's testimony regarding the Zhong Gong headquarters is a minor inconsistency that does not go to the heart of her claim. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir. 2003). Further, the omissions from her asylum declaration that police used verbal profanities and their "fingers" during her second arrest are omissions of detail. *See Lopez-Reyes v. INS*, 79 F.3d 908, 911 (9th Cir. 1996). Finally, the agency's finding that Shi gave varying accounts as to how she obtained her passport is not supported by the record. *See Bandari*, 227 F.3d at 1167. Accordingly, substantial evidence does not support the agency's adverse credibility determination. *See id.* at 1165.

We grant the petition and remand for further proceedings to determine whether, taking Shi's testimony as true, she is eligible for asylum, withholding of

removal, or CAT relief.  *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1095-96 (9th

Cir. 2009); *INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**