FILED

NOV 30 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GUANGJUN DENG,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 06-71764

Agency No. A096-345-375

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 7, 2010
Pasadena, California

Before: WARDLAW and W. FLETCHER, Circuit Judges, and LYNN, District
Judge.[**]

Guangjun Deng, a native and citizen of the People's Republic of China,

petitions for review of the Board of Immigration Appeals' ("BIA") denial of his

application for asylum, based on its adoption of the Immigration Judge's ("IJ")

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Barbara M. Lynn, United States District Judge for the
Northern District of Texas, sitting by designation.

adverse credibility finding.  We have jurisdiction pursuant to 8 U.S.C. § 1252.

Because we conclude that the IJ's adverse credibility finding is not supported by

substantial evidence, we grant the petition and remand for further proceedings

pursuant to *INS v. Ventura*, 537 U.S. 12 (2002) (per curiam).

The IJ based his adverse credibility finding on five grounds.  First, the IJ

found that Deng lacked credibility because his hearing testimony was inconsistent

with statements in his asylum application.  Specifically, the IJ found that Deng

testified about two police visits to his home in China that he failed to mention in

his application.  However, there was no inconsistency between the asylum

application and Deng's testimony.  At Deng's hearing he testified about a February

2003 police visit, which had not yet occurred when he filed his application in

January 2003.  As to the second police visit in January 2003, it is in fact described

in the asylum application.

The IJ also based his adverse credibility finding on indications in the State

Department Reports that Protestants worship freely in China, contrary to Deng's

claim of religious persecution.  However, the IJ ignored numerous contrary

statements in the Reports that freedom of religion "remained poor" in China and

that "house churches" such as the one Deng attended had been targeted for

persecution by government authorities.

The IJ's conclusion that it was "hard to believe" that Deng could obtain a visa and leave China with little difficulty was impermissibly based on speculation. *See, e.g.*, *Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir. 2000) ("Speculation and conjecture cannot form the basis of an adverse credibility finding, which must instead be based on substantial evidence."); *Lopez-Reyes v. INS*, 79 F.3d 908, 912 (9th Cir. 1996) (stating that "conjecture is not a substitute for substantial evidence"). There is simply no basis in the record for the IJ's "disbelief," and the IJ pointed to none. *See Cordon-Garcia v. INS*, 204 F.3d 985, 993 (9th Cir. 2000) (requiring that "specific cogent reasons" support an adverse credibility finding (quoting *Lopez-Reyes*, 79 F.3d at 911)).

The IJ's finding that Deng lacked doctrinal knowledge of Christianity does not support the conclusion that Deng was insincere about his religious beliefs. We do not recognize "ignorance of religious doctrine as evidence that an individual is not a true believer." *Cosa v. Mukasey*, 543 F.3d 1066, 1070 (9th Cir. 2008) (quoting *Chun Rong Jiang v. Gonzales*, 485 F.3d 992, 995 (7th Cir. 2007)). Moreover, the record belies the IJ's finding. It contains numerous statements demonstrating Deng's knowledge of Christianity and the sincerity of his beliefs. As Deng stated in his asylum application: "Man was born with sin. To redeem mortals from their sins, Jesus was crucified. Only believing in God can we be eternal." At his hearing, Deng described his baptism and explained that he had

declined to attend a state-sanctioned church in China after the leader of his house church told him their faith should be "separate" from government-sanctioned religion.

The IJ improperly relied on Deng's lack of corroborating evidence in the form of letters from his wife and from his American church. We have held that corroborating evidence is not required unless it is "easily available." *Sidhu v. INS*, 220 F.3d 1085, 1091 (9th Cir. 2000). Letters from Deng's wife, who remained in China, and which could have endangered her safety, are not "easily available" to Deng. *See id.* at 1092 (stating that corroborating evidence from relatives outside the United States "is almost never easily available"). Even if a letter from Deng's American church was "easily available," the failure to provide such a letter, standing alone, does not support an adverse credibility determination.[1]

Because the BIA's adverse credibility finding is not supported by substantial evidence, we grant the petition and remand pursuant to *INS v. Ventura*, 537 U.S. 12 (2002) (per curiam).

**PETITION GRANTED; REMANDED.**

---

[1] Because Deng filed his asylum application before May 11, 2005, the REAL ID Act of 2005, and its corroboration requirements, do not apply. *See* REAL ID Act of 2005, Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305 (effective date); *Aden v. Holder*, 589 F.3d 1040, 1044 n.6 (9th Cir. 2009).