**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASHOK KUMAR, | No. 06-75705 |
| Petitioner, | Agency No. A095-453-336 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 10, 2010
San Francisco, California

Before: HUG, D.W. NELSON, and McKEOWN, Circuit Judges.

Ashok Kumar ("Kumar" or "petitioner") petitions for review of the Board of

Immigration Appeals' ("BIA") denial of his applications for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT"). The BIA

affirmed the Immigration Judge's ("IJ") denial of asylum and withholding of

removal on the basis of an adverse credibility determination and also affirmed the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

IJ's denial of CAT relief. This Court has jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We grant Kumar's petition as to asylum and withholding of removal and deny the petition as to relief under CAT.

This Court reviews adverse credibility determinations for substantial evidence. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002) (citations omitted). Under this standard, the BIA's determinations are to be upheld if they are supported by "reasonable, substantial and probative evidence" in the record. *Kumar v. Gonzales*, 444 F.3d 1043, 1049 (9th Cir. 2006) (citations omitted). Where "the BIA affirm[s] without opinion, this court directly reviews the immigration judge's decision as though it were the decision of the BIA." *Chete Juarez v. Ashcroft*, 376 F.3d 944, 947 (9th Cir. 2004) (citations omitted).

In this case, the IJ based her adverse credibility determination on the following three grounds: (1) the written affidavits submitted by Kumar "consistently fail to mention that respondent was harmed by police," (2) Kumar "does not speak like a political activist," and (3) Kumar "sought to mislead the court" about his reasons for traveling to Canada, based upon a discrepancy between what he told immigration officials and his testimony in front of the IJ. None of these grounds constitutes substantial evidence.

The IJ's first finding can be disposed of quickly, because the IJ was simply incorrect about the contents of the affidavits. While the affidavits of Raju Jagdish and Bitu Tersem do not mention the police, the affidavit of Ajit Singh Manhas very clearly does. Mr. Singh Manhas' affidavit expressly states that petitioner was "arrested and tortured by the police." It also says that the reason Kumar "left the country is that he was threaten[ed] by the police and the militants. His life was not sa[f]e in India." The IJ's finding was based, at least in part, on the "collective omission of this central fact." When, as here, a petitioner's testimony is corroborated by one affidavit, that same testimony cannot be said to be called into question by two other affidavits that do not even address the relevant claim, let alone contradict it. This is particularly true when there is ample evidence in the record of police misconduct in Jammu and Kashmir during this period, and the IJ readily acknowledged that the "background documents raise the possibility of future harm to respondent." In short, the IJ's mistaken reading of the affidavits does not constitute substantial evidence in support of her adverse credibility determination.

Even absent the IJ's mistake, her finding regarding the affidavits was based upon impermissible speculation. From the supposed lack of mention of police abuse, the IJ jumped to the conclusion that Kumar was "adding a fear of Police to

3

his claim" in order to "overcome a finding that he could reasonably relocate to another part of India." With no other evidence in the record to indicate that Kumar was lying about his encounters with the police, the IJ appeared prepared to discount all of his testimony. The Ninth Circuit previously rejected this sort of conclusory reasoning in a case where the BIA found that letters submitted by the petitioner "appear to have been manufactured specifically to support an asylum claim." *Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir. 2000). As this Court refused to do in *Shah*, we will not "uphold an adverse credibility finding that rests on conjecture and speculation." *Id*. (citations omitted).

Similarly, the IJ's finding regarding Kumar's ability to "speak like a political activist" relies on little more than the IJ's subjective belief as to what a political activist from Jammu should sound like. *Id*. The IJ stated that "[p]ublic speaking is not the exclusive domain of highly educated people, and history is full of uneducated but articulate activists and advocates for a cause. Respondent's testimony did not convince the court that he is such a person or that he is even experienced in discussing human rights problems at the simplest level." In the IJ's view, this "inability was more consistent with lack of experience than with lack of education." All of this could be true, and Kumar's claims would be no less credible or meritorious. Kumar's supporting role as a member of the Jammu and

4

Kashmir Human Rights Council did not require even basic knowledge of human rights doctrine, much less the ability to communicate that knowledge convincingly in a public forum, whether a human rights meeting or an immigration court.

Under Ninth Circuit precedent, the IJ's mischaracterization of Kumar's testimony cannot bear on his credibility, or lack thereof, and it certainly cannot be said to constitute substantial evidence. *See Lopez-Reyes v. INS*, 79 F.3d 908, 912 (9th Cir. 1996) (reversing adverse credibility determination because IJ's "astonishment" at petitioner's claim was not a cogent reason for dismissing petitioner's credibility); *Kumar*, 444 F.3d at 1052 (finding that IJ's adverse credibility finding based upon what brothers from India who had grown up and fled the country together might or might not do was purely conjecture).

Finally, the IJ pointed to the fact that "[d]espite telling U.S. officials in September 2002 that he was in Canada to see the Pope, [Kumar] testified before the court that he was unaware whether the Pope had even been in Canada." From there, the IJ speculated that Kumar "apparently sought to mislead the court about his entry to Canada as part of World Youth Day." At issue was Kumar's "true reason for leaving India in July of 2002."

Of the IJ's three findings, this is the weakest. For one, it flies in the face of clearly established Ninth Circuit precedent. The "fact that an asylum seeker has

lied to immigration officers or used false passports to enter this or another country, without more, is not a proper basis for finding her not credible." *Kaur v. Ashcroft*, 379 F.3d 876, 889 (9th Cir. 2004) (citations omitted), *superseded by statute on other grounds as recognized by Singh v. Holder*, 602 F.3d 982, 986 (9th Cir. 2010); *see also Akinmade v. INS*, 196 F.3d 951, 956 (9th Cir. 1999) (citations omitted) (distinguishing between "false statements made to establish the critical elements of the asylum claim from false statements made to evade INS officials"). Here, the IJ uncritically took Kumar's statements to immigration officials as true, despite the fact that Kumar admitted he may have lied to them in order to avoid detention, and then concluded that he must have "sought to mislead the court" with his testimony. As with the IJ's other findings, this is a bridge too far. Absent the IJ's creative speculation, Kumar's knowledge regarding the whereabouts of the Pope during the summer of 2002 do not go to the "heart of [Kumar's] claim of persecution." *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003).

Because the IJ's three findings in support of her adverse credibility determination were based on a misreading of the administrative record, conjecture, and speculation, rather than substantial evidence, we reverse that determination and remand to the agency to consider whether Kumar, now considered credible, has established eligibility for asylum.

Because the IJ found that Kumar did not qualify for asylum, she also concluded that he did not meet the higher standard required for withholding of removal. On remand, the BIA shall also determine, in the first instance, whether Kumar has established eligibility for withholding of removal. *See Karouni v. Gonzales*, 399 F.3d 1163, 1178 (9th Cir. 2005) (citations omitted).

To be eligible for relief under CAT, an applicant bears the burden of proving that it is "more likely than not" that he would be tortured upon return to the proposed country of removal. 8 C.F.R. § 208.16(c)(2). In this case, the IJ acknowledged that there was some "credible evidence in the record about torture by the Indian government," but nevertheless concluded that the "record does not support the conclusion that it is more likely than not that [Kumar] will be tortured if returned to India." Because we cannot say that the evidence compels the opposite conclusion, we affirm the BIA's decision as to Kumar's CAT claim.

Petition for review **GRANTED** in part, **DENIED** in part, and **REMANDED** to the BIA for further proceedings.

Each party shall bear its own costs on appeal.