**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SONG LIN YUAN, | No. 08-71922 |
| Petitioner, | Agency No. A098-440-317 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Song Lin Yuan, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Quan v. Gonzales*, 428 F.3d 883, 885 (9th Cir. 2005). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the BIA's denial of CAT relief because Yuan failed to establish it is more likely than not that she will be tortured if returned to China. *See Ahmed v. Keisler*, 504 F.3d 1183, 1201 (9th Cir. 2007).

Substantial evidence does not support the BIA's adverse credibility determination based on a perceived inconsistency regarding the circumstances of Yuan becoming a Christian, *see Quan*, 428 F.3d at 887, or the omissions from Yuan's application of details regarding her arrest and release from detention, *see Bandari v. INS*, 227 F.3d 1160, 1166-67 (9th Cir. 2000); *see also Lopez-Reyes v. INS*, 79 F.3d 908, 911 (9th Cir. 1996).

In addition, substantial evidence does not support the BIA's finding that Yuan failed to show her business was closed on account of a protected ground. *See Canales-Vargas v. Gonzales*, 441 F.3d 739, 744-45 (9th Cir. 2006). Because the agency did not consider this incident when evaluating Yuan's past persecution claim, we remand for the agency to do so in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Accordingly, we grant the petition with respect to Yuan's asylum and withholding of removal claims, and remand to the agency, on an open record, for further proceedings consistent with this disposition. *See id.*; *see also Soto-Olarte v. Holder*, 555 F.3d 1089, 1093-96 (9th Cir. 2009).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**