MEMORANDUM **
Sayad Ter-Avanesyan, a native of Iran and citizen of Armenia, petitions for review of the Board of Immigration Appeals’ decision adopting and affirming the Immigration Judge’s (“IJ”) order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We review an IJ’s adverse credibility determination for substantial evidence, and we uphold the finding “ ‘unless the evidence presented compels a reasonable factfinder to reach a contrary result.’ ” de Leon-Barrios v. INS, 116 F.3d 391, 393 (9th Cir.1997) (quoting Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir.1996)). We deny the petition for review.
The IJ cited specific and cogent reasons for the adverse credibility determination, including Ter-Avanesyan’s ever-changing story and demeanor during the merits hearing (e.g., shifting eyes back and forth), material inconsistencies between Ter-Ava-nesyan’s testimony and previous statements he made under oath to government officers, and Ter-Avanesyan’s failure to corroborate his claims or explain contradictory evidence. These reasons are supported by evidence in the record, and the inconsistencies go to the heart of Ter-Avanesyan’s claims. See Gui v. INS, 280 F.3d 1217, 1225 (9th Cir.2002); Chebchoub v. INS, 257 F.3d 1038, 1043 (9th Cir.2001) (inconsistencies about the events leading up to and surrounding the applicant’s departure can form the basis of an adverse credibility determination); Arulampalam v. Ashcroft, 353 F.3d 679, 686 (9th Cir. 2003) (demeanor can form the basis of adverse credibility determination where the IJ points to specific non-verbal aspects of communication). As the IJ’s adverse credibility determination is supported by substantial evidence, we uphold Ter-Ava-nesyan’s asylum and withholding of removal claims.
Substantial evidence supports the IJ’s decision to deny Ter-Avanesyan’s CAT claim because Ter-Avanesyan based the claim on the testimony found to be incredible. See Farah v. Ashcroft, 348 F.3d 1153, 1157 (9th Cir.2003). Ter-Avanesyan did not point to other record evidence which would compel a finding that if he were *698 returned to Armenia, he would more likely than not be tortured. See id.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.