MEMORANDUM **
Qun Yan, a native and citizen of China, petitions for review of the Board of Immigration Appeals’ order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Soto-Olarte v. Holder, 555 F.3d 1089, 1091 (9th Cir.2009), and we grant the petition for review.
Substantial evidence does not support the agency’s adverse credibility determination. See Bandari v. INS, 221 F.3d 1160, 1165 (9th Cir.2000). The agen-ers findings based on Yan’s inconsistencies regarding the number of times he was interrogated and the treatment he received during his detention are not supported because they are minor discrepancies in relation to his otherwise consistent and detailed descriptions of material aspects of his detention, and further, some of the discrepancies evidently stem from apparent miscommunications or misunderstandings. See id. at 1166-67 (holding that minor discrepancies regarding the time and location of alleged beatings, in light of otherwise consistent testimony, could not form the basis for the IJ’s adverse credibility determination). The agency also improperly relied on the omission of details in Yan’s asylum application with regard to whether he had to report to the police, his wife’s termination and whether the police visited his wife and parents. See Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir.1996) (applicant’s testimony is not per se lacking in credibility because it includes details not set forth in the asylum application). Finally, substantial evidence does not support the agency’s finding with regard to Yan’s voluntary return to China, because he explained that he returned in order to tie up personal and financial matters. Moreover, he was under police surveillance, and was not practicing Falun Gong during his five-month stay. Therefore, his return trip is not probative of whether or not he has a well-founded fear of future persecution if he were to practice Falun Gong upon return to China. Cf. Loho v. Mukasey, 531 F.3d 1016, 1018-19 (9th Cir.2008); see also Boer-Sedano v. Gonzales, 418 F.3d 1082, 1091-92 (9th Cir.2005) (evidence of return trips alone not dispositive of absence of fear of persecution).
*686 It is apparent from the record before us that the agency listed all possible reasons to support an adverse credibility determination. See Soto-Olarbe, 555 F.3d at 1095. Accordingly, we grant the petition for review and remand to the agency to assess Yan’s claims, deeming his testimony credible. See id.; see also INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.