MEMORANDUM **
Martin Kamgang, a native and citizen of Cameroon, petitions pro se for review of the Board of Immigration Appeals’ order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Marcos v. Gonzales, 410 F.3d 1112, 1116 (9th Cir.2005), and we grant the petition for review.
Substantial evidence does not support the agency’s adverse credibility determination. See id. at 1117. The IJ’s findings based on Kamgang’s incomplete description of the logo of the Union for Democratic Cameroon (“UFDC”), his lack of knowledge regarding the number of seats in the Cameroonian legislature or the UFDC slogan do not go to the heart of his claim or reveal anything about his fear for his safety. See Mendoza Manimbao v. Ashcroft, 329 F.3d 655, 660 (9th Cir.2003). Further, the IJ failed to consider Kamgang’s reasonable explanation for the date discrepancy on his UFDC membership card. See Kaur v. Ashcroft, 379 F.3d 876, 887 (9th Cir.2004) (adverse credibility finding is improper when the IJ fails to address petitioner’s explanation for discrepancy or inconsistency). The IJ improperly relied on the omission of details in Kamgang’s asylum application with regard to injuries he sustained at the hands of his persecutors. See Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir.1996) (applicant’s testimony is not per se lacking in credibility because it includes details not set forth in the asylum application). Further, Kamgang’s testimony regarding his return to Cameroon in May of 2002 is an improper basis to find him not credible because the agency did not point to any discrepancy or inconsistency. See Garrovillas v. INS, 156 F.3d 1010, 1013 (9th Cir.1998) (generalized statements that do not identity specific examples of evasiveness or contradiction in petitioner’s testimony are insufficient to support an adverse credibility determina *109 tion). Finally, because each of the IJ’s proffered reasons for the adverse credibility determination fail, further corroboration is not required. See Marcos v. Gonzales, 410 F.3d 1112, 1118 (9th Cir.2005) (where an agency’s adverse credibility determination is insufficiently supported, petitioner is not required to provide corroboration to establish facts to which he testified).
It is apparent from the record before us that the agency listed all possible reasons to support an adverse credibility determination. See Soto-Olarte v. Holder, 555 F.3d 1089, 1095 (9th Cir.2009). Accordingly, we grant the petition for review and remand to the agency to assess his claims, deeming his testimony credible. See id.) see also INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.