NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 11 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIAOYE HUANG,<br><br>              Petitioner,<br><br>   v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>              Respondent. | No.   14-70100<br><br>Agency No. A088-128-978<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2017[**]
Pasadena, California

Before:  M. SMITH, MURGUIA, and NGUYEN, Circuit Judges.

Petitioner Xiaoye Huang seeks review of the Board of Immigration Appeals'

("BIA") decision dismissing her appeal of the immigration judge's ("IJ") denial of

asylum and withholding of removal. Petitioner also seeks review of the BIA's

dismissal of her claim that the IJ violated her due process rights by exhibiting bias

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

against her attorney.

1.     Petitioner argues that the IJ's adverse credibility determination and reliance on Petitioner's omissions in her asylum application in making that determination constituted error. Substantial evidence supports the IJ's and BIA's determination that Petitioner is ineligible for asylum based on an adverse credibility finding. See Garcia v. Holder, 749 F.3d 785, 789 (9th Cir. 2014) ("We review factual findings, including adverse credibility determinations, for substantial evidence."). The IJ made his credibility finding based on several factors including specific instances of Petitioner's demeanor, omissions in her asylum application, and lack of corroborative evidence. See Ling Huang v. Holder, 744 F.3d 1149, 1154 (9th Cir. 2014) (giving deference to IJ's demeanor assessment and consideration of lack of corroborating evidence that provided the basis for IJ's adverse credibility determination). Here, while the omissions in Petitioner's asylum application cannot alone serve as the basis for an adverse credibility determination, see Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir. 1996), the IJ considered the totality of the circumstances in Petitioner's application. 8 U.S.C. § 1158(b)(1)(B)(iii). Under the substantial evidence standard, the evidence here does not compel a result contrary to the IJ's adverse credibility conclusion. See Lai v. Holder, 773 F.3d 966, 970 (9th Cir. 2014).

2.      The IJ and BIA also rejected Petitioner's withholding of removal claim based on the adverse credibility determination. Because the clear probability standard for withholding of removal is more stringent than the well-founded fear standard for asylum, Petitioner's withholding of removal claim also fails. See Jiang v. Holder, 754 F.3d 733, 740 (9th Cir. 2014).

3.      Petitioner's argument that the IJ exhibited bias toward her attorney and that the IJ's bias violated her due process rights also fails. Petitioner cites to comments by the IJ that constitute expressions of impatience or annoyance. Such expressions do not establish bias or partiality. See Liteky v. United States, 510 U.S. 540, 555–56 (1994). The IJ's comments do not show that the proceeding was so fundamentally unfair that Petitioner was prevented from reasonably presenting her case, and thus, the IJ did not violate her due process rights. See Ibarra-Flores v. Gonzales, 439 F.3d 614, 620–21 (9th Cir. 2006).

**Petition DENIED.**