NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAINAN LIU,

                Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No. 20-70457

Agency No. A205-776-136

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 16, 2023
Honolulu, Hawaii

Before:  BEA, COLLINS, and LEE, Circuit Judges.

Memorandum joined by Judge BEA and Judge COLLINS;
Partial Concurrence and Dissent by Judge LEE

Petitioner Sainan Liu, a citizen of China, petitions for review of an order of

the Board of Immigration Appeals ("BIA") affirming a decision of the Immigration

Judge ("IJ") denying her applications for asylum, withholding of removal, and

relief under the Convention Against Torture ("Torture Convention").  We have

jurisdiction under § 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C.

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

§ 1252, and § 2242(d) of the Foreign Affairs Reform and Restructuring Act, 8 U.S.C. § 1231 note. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1690–91 (2020). We grant in part and deny in part the petition for review.

1. In upholding the IJ's finding that Liu was not credible, the BIA held that the IJ did not clearly err in concluding that several aspects of Liu's testimony were implausible. Specifically, the agency concluded that Liu implausibly testified that her parents hired a tutor for her "at a rate of between one-half and two-thirds of her father's salary" and then, on top of that "extraordinary expense," they also paid substantial sums towards her travel. Moreover, the agency found that it was hard to square this claimed extraordinary financial effort with Liu's testimony about her parents' lack of interest in her activities or in a major life event such as her baptism (which they did not attend), as well as her parents' initial lack of effort, over several years, to provide her with supporting documents. Although we might not have drawn the same inferences, the agency's reading of the record was permissible. We review an adverse credibility determination for substantial evidence, *see Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020), and we cannot say that the record compels a conclusion contrary to the agency's. *See* 8 U.S.C. § 1252(b)(4)(B).

The agency also permissibly concluded that Liu's documentary evidence was insufficient to rehabilitate her credibility or to independently establish her

2

claim of past persecution. The agency noted that one document Liu supplied, a "household registration," contained "glaring" mistakes that undermined its reliability. The agency also found that the circumstances leading up to her production of medical records—Liu claimed her mother "unexpectedly" found them among "old textbooks" shortly before Liu's final merits hearing in immigration court—cast doubt on their reliability. The agency also faulted Liu for the lack of any corroborating documents to support Liu's claim that she was expelled from school. The agency's weighing of this evidence was permissible, and the record does not compel us to adopt a contrary assessment.

Given the agency's adverse credibility determination and its discounting of the documentary evidence, the agency properly concluded that Liu had failed to establish past persecution to support either an asylum claim or a withholding of removal claim. The IJ then proceeded to further conclude that Liu had failed to establish a well-founded fear of future persecution or a likelihood of future persecution. On this score, the IJ expressly credited Liu's testimony that she was *now* a practicing Christian, but the IJ concluded that, based on the record evidence concerning the current treatment of Christians in China, there was not even a "one-in-ten chance of future persecution" of Liu. The BIA, however, declined to consider the IJ's analysis of these points. Citing the relevant pages of the IJ's ruling, the BIA dismissed them as "alternative analyses" that were unnecessary to

3

the BIA's decision. That was error. An alien who has failed to establish *past* persecution, even due to an adverse credibility determination, may still warrant asylum if there is nonetheless a well-founded fear of *future* persecution. *See Al-Harbi v. INS*, 242 F.3d 882, 890 (9th Cir. 2001). Because the BIA failed to consider the issue of possible future persecution, we grant Liu's petition and remand to the agency with instructions to consider that issue in connection with Liu's application for asylum and withholding of removal.

2. However, we deny the petition with respect to Liu's claim for relief under the Torture Convention. Because we have upheld the agency's adverse credibility determination and its discounting of Liu's documentary evidence, we conclude that substantial evidence supports the BIA's conclusion that Liu did not establish past harm for purposes of her Torture Convention claim. Moreover, with respect to the Torture Convention claim, the BIA did not make the same mistake it made with respect to asylum and withholding of removal. The BIA specifically upheld the IJ's determination that, despite ongoing religious persecution in China, Liu failed to establish a "particularized risk of *torture*" (emphasis added). Because the country conditions evidence in the record does not compel a contrary conclusion, the agency properly denied relief under the Torture Convention.

**PETITION GRANTED IN PART AND DENIED IN PART.**

4

*Liu v. Garland*, No. 20-70547

LEE, Circuit Judge, concurring-in-part and dissenting-in-part.

I largely agree with the majority opinion's analysis, but I dissent from the conclusion that substantial evidence supports the Immigration Judge's (IJ) adverse credibility finding.

The Board of Immigration Appeals (BIA) provided three reasons for affirming the adverse credibility finding, all of which rest on "impermissible speculation and conjecture." *Ge v. Ashcroft*, 367 F.3d 1121, 1124–25 (9th Cir. 2004). What "seems like common sense to an IJ might be rooted in significant differences between the IJ's and witness's cultural backgrounds and systems." *Lalayan v. Garland*, 4 F.4th 822, 837 (9th Cir. 2021). And for that reason, it "must be stressed that what sounds peculiar in one country may be the norm in another. Consequently, non-evidence-based assumptions about conduct in the context of other cultures must be closely scrutinized." *Chouchkov v. INS*, 220 F.3d 1077, 1083 n.15 (9th Cir. 2000).

The agency's first assertion—that it is questionable that Sainan Liu's parents would spend such a significant part of their income on her education—is based on the IJ's speculation about what Liu's family could afford and how much her family was willing to spend on her education. Such speculation cannot form the basis for an adverse-credibility finding. The agency also reached this conclusion with incomplete information; it had no information about Liu's mother's income, any

potential savings the family had, or how other family members may contribute to the household income.

The agency's second assertion is equally based on speculation. The IJ thought it improbable that Liu's parents (who are not Christians) were not more involved in their daughter's church activities, given the amount of money that they spent on her education. Such a finding is based on "personal conjecture about what [Liu's parents] likely would and would not do" under certain circumstances. *See Lopez-Reyes v. INS*, 79 F.3d 908, 912 (9th Cir. 1996).

Finally, the agency found it implausible that Liu's mother was too busy taking care of her ailing mother to search for the documents that could support Liu's asylum claim. That, too, is based on speculation. *See, e.g.*, *Ge*, 367 F.3d at 1126.

I respectfully dissent.